UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOEL A. HAYDEN | ) |
|     Plaintiff, | ) |
| v. | )    1:18-cv-00432-JAW |
| WARDEN, MAINE STATE PRISON, | ) |
|     Defendant. | ) |

**ORDER ON LETTER/MOTION TO CORRECT AND CLARIFY**

A petitioner in a habeas corpus petition filed under 28 U.S.C. § 2254 moves the Court to order a correction in his objections to a recommended decision to accurately quote the state judge during jury selection. However, the parties have not filed a transcript of the jury selection with the Court and therefore the Court is unable to verify the accuracy of the quotation. The Court orders the parties to file a transcript of jury selection and, if a transcript has not been prepared, the Court orders the Warden to obtain and file a transcript of jury selection. Noting that the petitioner's objection seems to end in mid-sentence, the Court sua sponte orders the petitioner to file a complete copy of his objection.

**I. PROCEDURAL BACKGROUND**

On October 10, 2018, Joel A. Hayden filed a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody, which was docketed on October 17, 2018.[1] *Pet. Under 28 U.S.C § 2254 for Writ of Habeas Corpus by a Person in State*

---

[1] The docket reflects that the Clerk of Court received and docketed Mr. Hayden's § 2254 petition on October 17, 2019; however, pursuant to the "mailbox rule," the Court deems Mr. Hayden's petition filed on the date he placed it in the prison mailing system. *Pet.* at 16; *see also Morales-Rivera v. United States*, 184 F.3d 109, 110-11 (1st Cir. 1999) (applying mailbox rule to § 2254 petitions because such

*Custody* (ECF No. 1) (*Pet.*). On October 15, 2018, Mr. Hayden filed an addendum to his petition, which was docketed on October 29, 2018. *Pet.'s Addendum Supplementing the Pet. for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254* (ECF No. 7). On October 23, 2018, the Magistrate Judge ordered the Attorney General for the state of Maine to answer the petition. *Order to Answer* (ECF No. 6). On December 18, 2018, the Attorney General filed an answer. *Resp't's Answer to Pet. for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254* (ECF No. 8) (*Resp.'t's Answer*). On February 20, 2019, Mr. Hayden filed a reply, which was docketed on March 4, 2019. *Pet.'s Reply to Resp't's Answer to Pet. for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254* (ECF No. 14). On March 20, 2019, Mr. Hayden filed a motion to substitute "Warden, Maine State Prison" as defendant in place of Randall Liberty, which was docketed on March 28, 2019. *Mot. to Substitute Party* (ECF No. 17). The Magistrate Judge granted this motion on March 28, 2019. *Order Granting Mot. to Substitute Party* (ECF No. 18).

On July 24, 2019, the Magistrate Judge issued a report and recommended decision recommending the denial of Mr. Hayden's Petition. *Recommended Decision on 28 U.S.C. § 2254 Pet.* (ECF No. 21). On August 21, 2019, Mr. Hayden filed a motion to correct his objections to the Magistrate Judge's recommended decision, which had not yet been received by the Court. *Letter/Mot. to Correct Objs.* (ECF No. 26). The Clerk docketed this motion on August 26, 2019. *Id.* On September 27, 2019, Mr.

---

application "minimizes uncertainty, given prison procedures for logging legal mail" and "ensure[s] equal access to the courts and functionally equivalent time-bars for pro se prisoners"). The Court applies the mailbox rule to all of Mr. Hayden's filings in this matter.

2

Hayden timely filed his objections to the Magistrate Judge's recommended decision, which were docketed on October 4, 2019.[2] *Pet.'s Objs.* On October 11, 2019, the Magistrate Judge issued an order granting Mr. Hayden's motion to correct his objections. *Order Granting Mot. to Amend* (ECF No. 30). On October 17, 2019, Mr. Hayden filed a motion to correct and clarify his objections, which was docketed on October 24, 2019. *Letter/Mot. to Correct and Clarify* (ECF No. 31) (*Pet.'s Mot.*). It is this Letter/Motion to Correct and Clarify that is the subject of the Court's order.

## II. THE PETITIONER'S MOTION

In his § 2254 Petition, Mr. Hayden, a person of color, raised questions about whether the state trial court judge properly applied *Batson v. Kentucky*, 476 U.S. 79 (1986) during jury selection after defense counsel objected to the selection on the basis of race. *Pet.* at 6. In his original objection dated October 4, 2019, Mr. Hayden quoted the state judge during jury selection as saying:

> So your uncertainty in regard to that question, does not have any affect on your ability to listen to the law and evidence and render a fair verdict in this case.

*Pet.'s Objs.* at 20. (quoting *Jury Sel.* pg. 64) (emphasis in original). Mr. Hayden says that the juror answered "NO" and "I think it actually says the opposite . . .." *Id.* (emphasis in original).

---

[2] The Court does not have a certification from Mr. Hayden that he placed his objections in the prison mailing system on September 27, 2019. However, the cover letters he filed with the Court, *Pet.'s Objs. to Magistrate's Decision on 28 U.S.C. § 2254 Pet.*, Attachs. 1-2 (ECF No. 29) (*Pet.'s Objs.*), are dated September 26, 2019, and September 27, 2019, respectively, and the Court deems the latter of these two dates to be the date of filing.

3

In his motion to correct, Mr. Hayden states that he misquoted the judge in his original petition and the correct quotation reads:

> So your <u>uncertainty</u> in regard to <u>that question</u>, does that <u>have any</u> affect on your <u>ability</u> to <u>listen</u> to the <u>law</u> and <u>evidence</u> and <u>render a fair verdict</u> in this case?

*Id.*, Attach. 1 (*Corrected Page 20*) (quoting *Jury Sel.* pg. 64) (underlining in *Pet'r's Mot.*). Again, he says that the juror answered "<u>No</u>" and "<u>I</u> think <u>it actually says</u> the <u>opposite</u> . . .." *Id.*

Mr. Hayden seeks to correct a quotation he included in his objections, which he states he misquoted by "chang[ing] the question into a statement." *Pet.'s Mot.* at 1. Additionally, in order to "accomplish the correction, and put the entire argument into proper context," Mr. Hayden has rewritten the page on which the alleged misquotation appears and has included the rewritten page as an attachment to his motion. *Id.* at 1; *see also Corrected Page 20*.

### III. DISCUSSION

The Court reviewed the corrected page 20 and is unable to rule on Mr. Hayden's motion at this time. The quotation that is the subject of Mr. Hayden's motion apparently comes from a jury selection transcript. *Pet.'s Mot.* at 1; *see also Corrected Page 20*. The Court does not currently have a copy of any jury selection transcript. *See State Ct. R.* (ECF No. 9); *Resp't's Answer* at 9 (not listing a jury selection transcript among the state court record documents filed with the Court). As Mr. Hayden is quoting from the jury selection transcript, the Court assumes that he must have a copy and, perhaps, the Warden has a copy as well.

4

It is not normally the responsibility of a petitioner seeking habeas corpus relief to file items from the state court record with his petition. *See Pliler v. Ford*, 542 U.S. 225, 232 (2004) (stating that "petitioners are not required by 28 U.S.C. § 2254 or the Rules Governing § 2254 Cases to attach to their petitions, or to file separately, state-court records"); *see also* R. GOVERNING § 2254 CASES 5(c) (stating that the respondent in a § 2254 case must indicate in its answer "what transcripts . . . are available" and "must attach to the answer parts of the transcript that the respondent considers relevant," which the judge may then order supplemented with "other parts of existing transcripts or" by ordering "that parts of untranscribed recordings be transcribed and furnished"); *Ray v. Clements*, 700 F.3d 993, 1008 (7th Cir. 2012) (stating that "[t]o provide accurate information about prior state court proceedings, most habeas petitioners are forced to rely on state court records . . . , [and it] is not the petitioner, but rather the state that is in the best position to provide this information" (alterations in original) (quoting *Kilgore v. Attorney Gen. of Colo.*, 519 F.3d 1084, 1088 (10th Cir. 2008))). Even so, the Court cannot rule on Mr. Hayden's motion until it has seen the transcript from which Mr. Hayden is quoting, as absent a transcript, the Court has no ability to evaluate whether either quote is an accurate reflection of the transcript.

If the Warden has a transcript of jury selection, the Court orders the Warden to file the transcript within two weeks with the Court and, if the Warden does not have a transcript, the Court orders the Warden to file a notice with the Court that he does not have a transcript. If the Warden does not have a transcript of jury selection

5

and Mr. Hayden has a transcript, he is ordered either to file a copy of the transcript with the Court within two weeks of the Warden's notice that the Warden does not have a transcript or to file a notice with the Court confirming that he does not have a transcript. *See* R. GOVERNING § 2254 CASES 7(a) (stating that "[i]f the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition"); *see also Ouimette v. Moran*, 942 F.2d 1, 3 (1st Cir. 1991) (noting that "[i]t is a truism that federal courts have broad discretionary powers when acting on habeas petitions"). If both parties file a notice with the Court that neither has a transcript of jury selection, the Court orders the Warden, Maine State Prison, to procure and file this transcript if possible as a supplement to the record. The Warden must order the transcript within two weeks of docketing of notice from Mr. Hayden that he does not have a copy of the transcript, and file confirmation with the Court that the transcript has been ordered.

In reviewing Mr. Hayden's motion and objections, the Court has become aware of another problem. Mr. Hayden states that there are two parts to his objections: parts A and B. *Pet.'s Objs.*, Attach. 1. However, Mr. Hayden appears to have submitted two slightly different versions of the same document. *Compare Pet.'s Objs.*, *with id.*, Attach. 3 (the only difference appearing to be that Attachment 3 includes a page numbered "19" after the page numbered "3"). On the second page of both documents, the following headings appear: "B. Grounds Asserted and Analysis" and "a. Batson Challenge." *Pet.'s Objs.* at 2; *id.*, Attach. 3 at 2. Moreover, both documents end abruptly on a page numbered "20" in the middle of the following sentence:

6

"Accordingly, following the trial court's guidance, JUROR-121's answer implied that his uncertainty in . . .." *Pet.'s Objs.* at 20; *id.*, Attach. 3 at 20. If Mr. Hayden intended to submit two different documents, he has not done so. The Court will give Mr. Hayden four weeks to resubmit his objections.

**CONCLUSION**

The Court RESERVES RULING on Joel Hayden's Letter/Motion to Correct and Clarify (ECF No. 31) and ORDERS the Warden, Maine State Prison, to file a copy of the jury selection transcript referenced by Joel Hayden in his Letter/Motion to Correct and Clarify and Corrected Page 20 (ECF No. 26 and Attach. 1) or to notify the court that the Warden does not have a copy of this transcript by November 14, 2019.

If the Warden, Maine State Prison, does not have a copy of the transcript, the Court ORDERS Joel Hayden to file a copy of the transcript or a notice that he does not have a copy of the transcript with the Court by November 28, 2019.

If neither party has a copy of this transcript, the Warden, Maine State Prison, is ordered to order this transcript and so notify the Court within two weeks of the date that the Clerk of Court places Joel Hayden's notice that he does not have a copy of the transcript on the docket.

Additionally, the Court ORDERS Joel Hayden to resubmit a complete copy of Petitioner's Objection's to Magistrate's Decision on 28 U.S.C. § 2254 Petition (ECF

No. 29) by November 28, 2019.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 31st day of October, 2019